Nott, J.,
delivered the opinion of the court:
The Navy Eegulations (Article 45, p, 7) classify paymasters’stewards as !l petty officersthe Be vised Statutes (§ 1410) provide that “ all officers not holding commissions or warrants, or who are not entitled to them * * * shall be deemed petty officers.” In other words, the Eegulations connect paymasters’ stewards with the term petty officers, and the Eevised Statutes include petty officers in the more general designation of “ all officers.” It is not, however, to be understood that all petty officers are officers within the intent of the Constitution, or of a penal statute. (United States v. Germaine, 99 U. S. R., 508.) In the Navy, warrant officers and petty officers are spoken of generally as officers, and the statute above cited merely recognizes the usage.
*443 The Revised Statutes also classify the Marine Corps (Title XV, ch. 9) as a part of the Navy, and provide (section 1600) that “ all marine officers shall be credited with the length of time they may have been employed as officers or enlisted men in the volunteer service of the United States.”
The claimant is a “ marine officer;”. he was “ employed” as a. “paymaster’s steward” in the “ volunteer servicepaymasters’ stewards are rated as “ petty officers ” in the Navy Regulations ; and “petty officers” are recognized as being a portion of the “officers” of a ship in that other section of the Revised Statutes above quoted. Why, then, should not a marine officer “ be credited with the length of time” he was “ employed” as a paymaster’s steward in the volunteer service of the United States ?
The defendants answer this question by saying that a paymaster’s steward was neither an officer nor an enlisted man. It is conceded that if the claimant had been “ employed” as a paymaster he would be entitled to recover; or that if he had been employed as a common seaman he would be entitled to a like credit, yet it is maintained that a paymaster’s steward is. neither the one thing nor the other,-neither an “ officer” nor an “ enlisted man,” within the intent and meaning of section 1600.
The kindred statute (1 Supplmnt Rev. Stat.,p. 362, § 7), which assures the same right to officers of the Army likewise provides that “ all officers of the Army ” “ who have served as officers in the volunteer forces, oras enlisted men shall be-credited with the full time they may have served as such,” &c. The Army consists of officers, non-commissioned officers, and privates; the Navy of officers, warrant officers, petty officers, and seamen ; yet both statutes use but two terms, and those terms, the same, to include all classes in each service. Some of the warrant and petty officers of the Navy may be officers technically, because appointed by the head of a Department; and others may be officers only by courtesy, because they are appointed by the chief of a bureau or the commander of a ship; but no one eArnr doubted that the two terms “officers” and “enlisted men” embrace, for the purpose of computing longevity pay, the three classes of the Army; and it seems equally clear to us that the same terms embrace, for the same purpose, the four classes of the Navy. ' -
*444 The claimant in this case was appointed paymaster’s steward under the general order of the Navy Department, November 11, 1861, which provided that “yeomen, paymaster’s stewards, and surgeon’s stewards will not hereafter be required to sign the shipping articles,” but that “they will be entered on the ship’s books upon taking the oath of allegiance and signing an agreement to serve faithfully for the cruise, to be amenable to the laws and the regulations of the service and the ship,” &c.
Upon this an objection is founded that these petty officers were not enlisted men.
In Ueutencmt Young's Case (ante) it was held that the equivalent for longevity pay is experience, and in Captain Bennett's Case (ante) that the condition upon which it is granted is service. The reasoning in the latter case seems peculiarly applicable to the objection we are considering:
“in our opinion the word ‘service,’as used in these acts, means actual service performed under color of office or other authority, without regard to any defects which might be found in the-legal title of the claimant to the office or position in which he served.
“It is a well-known fact that, in times of war especially, enlisted men perform service in many cases before their enlistment is fully completed by taking the required oath and being mustered in. They are prevented by necessary delays incident to the service, and without fault of their own, from consummating their technically legal enlistment, but actual service they enter upon at once. It cannot be,' we think, that every officer who has been an enlisted man is required to prove a full, complete, and legal enlistment for the whole time he actually served as such, in order to have that time credited to him for longevity pay, nor that every officer is to be curtailed in the •computation in the time of his service by informalities or irregularities in his appointment which do not affect the service itself. The reward which the statute is intended to give is for long-continued actual service, and not as a regular salary for the tenure of office. In that view it matters not whether, the officer serves as such de jure or de facto.- In either case he comes within the spirit, the meaning, and, we think, the letter •of the law.”
The judgment of the court is that the claimant recover of the defendants the sum of $313.77.